May Term,
1829.

CHINN
v.
PERRY.

Wednesday,
May 27.

---

CHINN and Another *v.* PERRY.

Goods were taken in execution; and a delivery-bond payable to the execution-plaintiff was executed by the debtor and his surety, conditioned for the delivery of the property in as good order as it was at the date of the bond. Debt on the bond. Breach, the non-delivery of the property in as good order as it was when the bond was executed. Demurrer to the declaration and judgment for the plaintiff.
*Held*, on the execution of the writ of inquiry, that the sheriff was a *competent witness* to prove the value of the property. *Held*, also, that, *in the absence of all testimony* as to the value of the property, the amount of the execution was the proper measure of damages. *Held*, also, that the *quantum* of damages sustained by the plaintiff for the breach of contract, was the only subject of inquiry before the jury.

Wednesday,
May 27.

ERROR to the *Decatur* Circuit Court.—This was an action of debt by *Perry* against *Chinn* and *Parks*, founded on a delivery-bond payable to *Perry*, the execution-plaintiff.

HOLMAN, J.—Declaration on a bond for the delivery of property taken in execution. The undertaking in the condition of the bond was, to deliver the property "in as good order as it then was." The breach, *inter alia*, is, that the property was not delivered, nor any part thereof, "in as good order" as it was at the date of the bond. Demurrer to the declaration. Demurrer overruled, interlocutory judgment given, and writ of inquiry awarded. The sheriff, by whom the property was tak-

en in execution, and by whom the delivery-bond was taken and attested, was introduced, on the inquest of damages, to prove the value of the property. The defendants objected to his admission on the ground of his incompetency, but he was admitted by the Court; to which opinion of the Court the defendants excepted. The defendants moved the Court to instruct the jury of inquest, that if the property was delivered at the time and place mentioned in the bond, but not in good order, then the proper measure of damages to be assessed, was the difference between the value of the property at the time the bond was executed, and the time of the delivery. This instruction the Court refused to give, but instructed the jury, that they were not empannelled to say whether the property was delivered or not; but simply to inquire what damages the plaintiff had sustained by the non-delivery; and that whether the property was delivered pursuant to the condition of the bond, or whether it was delivered in good order, were not questions in issue before the jury. To this opinion, also, the defendants excepted. There was an assessment of damages, and a judgment for the plaintiff.

The defendants in the Circuit Court, the plaintiffs in this writ of error, rely upon the admission of the sheriff as a witness, and the instructions of the Circuit Court to the jury, being the errors assigned, for a reversal of this judgment. But there is no error in the proceedings. The sheriff was not interested, and of course was a competent witness. He was the subscribing-*witness* to the bond, and would have been competent to prove its execution. There was nothing he could gain or lose, by the result of his testimony, as to the value of the property. Besides, in the absence of all testimony as to the value of the property, the amount of the execution was the proper measure of damages (I). The instructions of the Circuit Court to the jury are unexceptionable. The demurrer admitted the non-delivery of the property in as good order as it was in when the bond was executed, and a delivery in no other order would have been a compliance with the undertaking. The damages sustained by the plaintiff on account of the non-delivery, was the only subject before the jury.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Wick,* for the plaintiffs.
*Stevens,* for the defendant.

(1) Vide *M'Coy* v. *Elder,* ante, p. 183, and note: