CLARK and Others *v.* THE STATE, on the Relation of THE STATE BANK.

In debt on a sheriff's bond, the defendants are not entitled to *oyer* of the approval of the bond by the judges; such approval being no part of the bond.

On the execution of a writ of inquiry in such suit, after a demurrer to the replication assigning breaches has been overruled, the *quantum* of the relator's damages caused by the breaches, is the only subject of inquiry.

Thursday,
December 11.

APPEAL from the *Hendricks* Circuit Court.

SULLIVAN, J.—Debt by the appellee against the appellants on the official bond of *Clark*, late sheriff of *Hendricks* county. The suit was brought, under the statute of 1838, on the penalty of the bond. The defendants in the Circuit Court craved *oyer* of the bond and condition, which was granted. They also craved *oyer* of the attestation of the bond and its approval by the associate judges of the county. The plain-

tiff replied that there were no subscribing witnesses to the <span>Nov. Term,<br>1845.</span> bond, and, to the demand of *oyer* of the approval of the bond by the judges, demurred. The Court sustained the demurrer; <span>CLARK<br>v.<br>THE STATE.</span> and that is the first error complained of.

The Court did not err in sustaining the demurrer. The defendants were entitled to *oyer* of the bond and condition, and, if the bond had been attested, of the attestation also; but the approval by the judges is no part of the bond. That was a collateral matter wholly independent of the execution of the bond, and equally accessible to the defendants as to the plaintiff.

The defendants then pleaded performance generally. The plaintiff replied assigning as breaches, 1. That *Clark*, on, &c., failed and neglected to return a certain writ of *venditioni exponas*, issued out of the clerk's office of *Hendricks* county in favour of the relator against *Stiles* and *Boswell*, and directed and delivered to him, whereby he was commanded, &c.; 2. That *Clark* failed to pay over a large sum of money, to wit, the sum of 500 dollars, collected by virtue of said execution; and, 3. That said *Clark* wilfully, corruptly, and fraudulently, failed to make sale of certain property seized by virtue of said execution and sufficient to satisfy the same, which would have been purchased had he offered the same, bidders being then and there present, &c. Demurrer to the replication, assigning special causes of demurrer to each breach; and judgment on the demurrer for the plaintiff. Writ of inquiry awarded; damages assessed by a jury; and judgment accordingly.

We perceive no error in overruling the demurrer to the replication. The appellants contend that there were three replications to the plea, and a demurrer to each, and that the Court gave judgment on one of the issues only, and left the other two undecided. There is some confusion in the record, but we understand the pleadings to be as we have above stated them, and think the demurrer was correctly overruled.

At the execution of the writ of inquiry, the defendants offered no testimony; and the plaintiff having closed, the Court instructed the jury " that the demurrer to the breaches in the replication admitted the truth of the facts stated in them, and that all the jury had to do when they retired, was to assess such damages as the plaintiff was entitled to recover,

Nov. Term, 1845.

from the proof made of the actual damage the relator had sustained, by said *Clark's* failing to make sale of the property levied on." To that instruction the defendants excepted. The instruction was correct. The demurrer of the defendants admitted the facts, and that which is admitted on the record need not be proved. This did not prevent the defendants from appearing and contesting the amount of damages sustained by the relator. They might have introduced testimony in mitigation, and the jury would have been required to assess the damages accordingly. *Chinn et al.* v. *Perry*, 2 Blackf. 268.

We are of opinion that there is no error in the case.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*C. C. Nave*, for the appellants.

*C. Fletcher*, *O. Butler*, and *S. Yandes*, for the appellee.